**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

WINDSOR GATE COUNCIL
OF CO-OWNERS, INC.                                                              PLAINTIFF

v.                                                                    NO.3:06-CV-41-JDM

HILLS BLDG. & CONSTR.
SERVICES NO. 1, et al.                                                        DEFENDANTS

**MEMORANDUM OPINION**

Windsor Gate is a condominium development of eighteen buildings clad with exterior siding of a manufactured material that residents claim has deteriorated, despite extensive maintenance since completion of construction in 1997, to a present state of which the plaintiff describes as crumbling.  The plaintiff, Windsor Gate Council of Co-Owners, Inc., seeks significant compensatory and punitive damages from both the general contractor/developer, Hills Building & Construction Services No. 1, and one of the siding manufacturers, Louisiana Pacific Corporation.[1]  The developer denies all liability and has, in turn, filed a third party complaint seeking contribution, indemnification and apportionment from two installers, two suppliers, and two management companies.  The court is exercising removal jurisdiction over these controversies between parties of diverse citizenship.

This matter is before the court on the developer's motion for summary judgment on all claims against it in the first amended complaint, pursuant to Rule 56 of the Federal Rules of

---

[1]Approximately eighty percent of Windsor Gate's exterior siding is a Louisiana Pacific product; the remaining twenty percent is Masonite Omniwood siding.

Civil Procedure.[2]   The parties devote the majority of their memoranda to the facts alleged in support of the plaintiff's fraud and fraudulent inducement claims.

It is undisputed that the plaintiff is time-barred from asserting certain claims in a nationwide class action against the defendant siding manufacturer, Louisiana Pacific, in an Oregon federal court.  Being essentially barred from that action, the plaintiff seeks other avenues of recovery.  The plaintiff alleges in this action the developer continued installing the siding even after learning of the class action and filing its own claim (in a timely manner) for defective siding at another development.

There are additional facts that bear materially on the claims and defenses germane to the class action and fraud-based claims; the main allegation is that the developer provided a materials and maintenance binder, in which it disclosed the siding as manufactured by Omniwood and wrongfully omitted any disclosure that eighty percent of Windsor Gate's siding is a Louisiana Pacific product.  The developer claims the omission was an innocent error; the plaintiff interprets it as evidence of fraud.  Another central disagreement is whether the plaintiff, nonetheless, became aware of the class action before the claims bar.  The developer cites minutes of the plaintiff association's board meetings; the plaintiff disputes the developer's interpretation with a subjective explanation.  On these and other factual matters, the parties essentially draw different, reasonable inferences.  What inferences to draw appears to be a jury question. Genuine issues of material fact preclude summary judgment on the fraud-based claims.

The plaintiff's other claims against the developer appear to be straightforward:  breach of contract, breach of express and implied warranties, negligence.  On these claims, issues of fact

---

[2]Currently pending is the plaintiff's motion to amend the complaint to add a claim of breach of the implied warranty of habitability against the developer.

likewise appear to predominate, despite representations from the plaintiff's previous counsel of an intention to voluntarily dismiss some or all the claims against the developer.  Therefore, summary judgment on these claims is premature.

Two claims appear to be untenable as a matter of law, such as strict product liability – given application of Kentucky's middle man statute, Ky. Rev. Stat. Ann. § 411.340; and breach of fiduciary duty –  a novel theory of construction liability within Kentucky jurisprudence. Rather than undertake an extensive factual and legal analysis necessary for entry of partial summary judgment, however, the court concludes the better course is to address these claims at the conclusion of discovery upon proper motion.

The court concludes the motion of the defendant, Hills Building & Construction Services No. 1, for summary judgment should be **DENIED**; however, the court grants the defendant leave to refile a dispositive motion on any or all claims after the conclusion of discovery.

The court will enter a separate order to address pending discovery issues.

**IT IS SO ORDERED.**

DATE:

cc:  Counsel of Record