UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WINDSOR GATE COUNCIL OF**
**CO-OWNERS, INC.**                                                                            **PLAINTIFF**

v.                                                            CIVIL ACTION NO.  3:06CV-41-MO

**HILLS BUILDING & CONSTRUCTION**
**SERVICES NO. 1, ET AL.**                                                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Defendant Hills Building has sought leave of court to file a third party complaint against Louisiana Pacific Corporation, a business which previously was a co-defendant of Hills until it effected a settlement with the plaintiff, Windsor Gate.  (Docket No. 221).  The asserted reason for the amendment of the complaint to bring Louisiana Pacific back into the case is that the "focus" of the case has shifted, a shift which Hills attributes to the "emboldening" of Windsor Gate through a ruling by the court in 2008 which denied sanctions sought by Hills for discovery issues.

This lawsuit has already been on the court's docket for more than two years, and repeated attempts to settle this apparently routine commercial, construction disagreement have proven unsuccessful.  Not a great deal of substantive discovery has taken place, and the court has entered rulings to require the parties to move expeditiously to conclude discovery and to bring the case into a posture where it could be tried and resolved.

With one exception, concerning a theory of habitability which was added by a later complaint amendment, all of the fraud and punitive damages theories of plaintiff Windsor Gate have been before the court for an extended period of time.  Hills' assertion that the litigation has shifted in emphasis is unavailing, given that there has been no real substantive change in the

claims and no unexpected factual developments in discovery which would change the fundamental nature of the case. Indeed, the only event to which the defendant Hills points is a denial of its motion for sanctions, hardly a basis for bringing a third party into the case.

Leave to implead a third party defendant lies within the discretion of the trial court. *General Electric co. v. Irvin*, 274 F.2d 175 (6th Cir. 1960); *see also American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800 (6th Cir. 2008) (stating the court has discretion to relegate a third party to a separate suit).

Because the essential claims of Windsor Gate have been clear from the beginning, because this is a case which has been pending on the court's docket for an extended period of time, because Louisiana Pacific was previously a defendant against whom Hills chose not to assert an cross-claim, and because amending the complaint would create delay and hinder the parties in reaching a prompt and fair resolution of the case on the merits through trial, the motion is hereby **DENIED**.

DATE:

Copies to:
Counsel of Record

2